EDWARD C. DUCKERS (SB #242113)
JONATHAN A. MILES (SB#268034)
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Telephone: (916) 447-0700
Facsimile: (916) 447-4781
ecduckers@stoel.com
jamiles@stoel.com

Attorneys for Plaintiff
GCUBE INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GCUBE INSURANCE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDSAY CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:12-01163-WBS-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon consideration of the stipulation by Plaintiff GCube Insurance Services, Inc. ("Plaintiff") and Defendant Lindsay Corporation ("Lindsay"), as reflected by their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute commercially sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for issuance of a Protective Order,

IT IS HEREBY ORDERED as follows:

1. Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery including, but not limited to, deposition testimony and deposition exhibits, which as a

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER     -1-

73175381.1 0036090-00007

1  party in good faith believes contain confidential information, commercially valuable or sensitive

2  business information, trade secrets, or confidential personnel information, may be designated as

3  confidential, and all documents and information so designated and all copies thereof (hereinafter

4  referred to collectively as "the Confidential Information"), shall be treated as confidential and

5  shall not be disclosed except as provided in this Order, PROVIDED, however, that counsel for

6  the party designating information as confidential may, in writing and without court approval,

7  agree to release any of the confidential information from the requirements of this Order.

8      2.    Information produced during the course of this action within the scope of

9  Paragraph 1 above, may be designated by the producing party ("Designating Party") as containing

10  Confidential Information by conspicuously placing on each page the legend:

11
12                      CONFIDENTIAL
                Subject to Protective Order
    GCube Insurance Services, Inc. v. Lindsay Corp.
13         Case No. 2:12-cv-01163-WBS-CKD

14  Such designation shall be placed on the page so that it will not interfere with the legibility

15  of material on the page.  If and to the extent that such information is entered as an Exhibit at a

16  hearing or trial relating to this action, a clean copy of the document without the legend may be

17  substituted for admission into evidence.

18      3.    Any party wishing to challenge the designation of any document as

19  "CONFIDENTIAL" by the other party may object to the designation of particular Confidential

20  Information by giving written notice to the party designating the disputed information.  The

21  written notice shall identify the information to which the objection is made.  If the parties cannot

22  resolve the objection within ten (10) business days after the time the notice is received, it shall be

23  the obligation of the party designating the information as confidential to file an appropriate

24  motion requesting that the Court determine whether the disputed information should be subject to

25  the terms of this Protective Order.  If such motion is timely filed, the disputed information shall

26  be treated as confidential under the terms of this Protective Order until the court rules on the

27  motion. In connection with a motion filed under this provision, the party designating the

28

information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential and subject to sealing by the Court.

   4. Neither the Confidential Information nor its contents shall be disclosed to any person without the agreement of the party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for their use solely in connection with this action under the following conditions:

    a. Attorneys for the parties to this litigation (including, without limitation, the attorneys of record and partners, associates, and employees of such attorneys)

    b. Independent expert consultants retained for purposes of this litigation, to whom it is necessary that the material be shown for the purpose of this litigation;

    c. The parties and Plaintiff's subroger, Ausra, Inc.

    d. Officers and other employees of the parties and of Ausra, Inc. in this action to whom it is necessary that the material be shown for the purpose of this litigation;

    e. Witnesses in depositions whom the propounding party has a good faith reason to believe are likely to have personal or expert knowledge concerning the matter described in the Confidential Information being presented;

    f. Any other person who is designated, by agreement of the parties or order of the Court, after notice to all parties and opportunity to be heard;

    g. The Court, including all employees of the Court, and discovery referee or settlement mediator;

    h. Court reporters and videographers who need to record deposition or other testimony; and

    i. Prior to receiving any Confidential Information, each person covered by paragraphs 5(b)-(f) shall be provided with a copy of this Order and shall execute Attachment A hereto. Counsel for the party providing Confidential Information to each person covered by paragraphs 5(b)-(f) shall maintain copies to the executed Attachment A, and shall provide copies of the signed Attachment A to any party upon request within seven (7) calendar days. Each

1  person covered by paragraph 5(b) shall also be required to execute Attachment A, when executed

2  by independent consultants, shall only be provided to opposing parties upon request once, and if

3  that consultant has been designated an expert.  In the event such person described above declines

4  to sign Attachment A, the Court may order the person bound by the Court's order to maintain

5  confidentiality consistent with the terms of this Stipulation or Order, after notice to the producing

6  party and the person declining to be bound have any opportunity to be heard.  Witnesses declining

7  to be bound shall be advised that the Court may order such person to pay a successful movant

8  fees and costs associated with the motion, and that the witness may be required to appear for

9  additional sessions of his deposition after the Court rules on the Motion.  If a person declines to

10 sign Attachment A, he shall not be given access to the Confidential Information unless the Court

11 has previously ordered that person bound by the Court's order to maintain confidentiality

12 consistent with the terms of the Stipulation and Order.

13       5.     Neither the Confidential Information nor its contents shall be used or disclosed to

14 any person for any purpose beyond this action.

15       6.     By signature to this Stipulation, any party to it who receives "Confidential

16 Information," regardless of the format in which that information is produced, warrants and

17 represents that within 10 days of the termination of this litigation (including termination of any

18 appeals) provides a certification that such information: 1) will be removed from all computers and

19 copies of such information will be maintained by the receiving party's attorney under seal; 2)

20 such sealed Confidential Information shall not be unsealed without first giving the Disclosing

21 Party ten (10) days prior written notice indicating the reason for unsealing the information, and an

22 opportunity for the Disclosing Party to seek an appropriate Court order regarding the unsealing,

23 use, or disclosure of the Confidential Information; and 3) such Confidential Information shall be

24 destroyed 90 days after the conclusion of the lawsuit.  In no case shall such sealed information

25 leave the receiving party's attorney's possession, or be given directly to the party as part of the

26 attorney's file.  At the time of destruction or deletion of the Confidential Information maintained

27 under seal, all such Confidential Information shall be destroyed, including the deletion of any

28 computer files containing Confidential Information, wherever they exist.  Within 30 days of the

destruction of the Confidential Information contained under seal, the receiving party shall certify in writing to the producing party that all Confidential Information, regardless of format or location, has been destroyed.

7. The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including, but not limited to, attachments to pleadings, exhibits to depositions or at trial. If a party to this Stipulated Protective Order files or intends to file with the court, for the purposes of adjudication or to use at trial, records produced that are subject to this Stipulated Protective Order, and does not intend to request to have the records sealed, that party must: (i) lodge the unredacted records subject to this order and any pleadings, memorandums, declarations, or other documents that disclose the content of the records in the manner stated in paragraph 8; (ii) file copies of the documents in (i) that are redacted so that they do not disclose the contents of the records that are subject to the order; and (iii) give written notice to the party that produced the records that the records and the other documents lodged under (i) will be placed in the public court file unless that party files a timely request to seal the records pursuant to Eastern District of California Local Rule ("Local Rule") 141.

8. A record that may be filed under seal must be put in an envelope or other appropriate container, sealed in the envelope or container, and lodged with the court. The envelope or container lodged with the court must be labeled "CONDITIONALLY UNDER SEAL." The party submitted the lodged record must affix to the envelope or container a cover sheet that: (A) contains all the information required on a caption page under Local Rules 131 -133 and (B) states that the enclosed record is subject to a motion or an application to file the record under seal.

9. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

10. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by

order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

IT IS SO ORDERED.

Dated: January 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1  IT IS SO STIPULATED.

2

3

4  DATED: December 31, 2012                     STOEL RIVES LLP

5

6                                                By: /s/ Jonathan Miles
                                                     JONATHAN MILES
7                                                    Attorneys for Plaintiff
                                                     GCUBE INSURANCE SERVICES, INC
8

9

10
   DATED: December 31, 2012
11                                               SCHAFFER, LAX, MCNAUGHTON &
                                                 CHEN, A Professional Corporation
12

13
                                                 By:/s/ Jill A. Franklin
14                                                   JILL A. FRANKLIN
                                                     Attorneys for Defendant
15                                                   LINDSAY CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**TO STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1. My address is: _____

2. My present employer is: _____

3. My present job position is: _____

4. Pursuant to the Protective Order entered by the Court in this case ("Order"), I hereby acknowledge that I may receive information designated under the Order, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of that Order.

5. I further state that I have been given a copy of, and have read the Order, that I am familiar with its terms, and I agree to comply with, and to be bound by, each of its terms, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order and to use such information solely for the purpose of this action.

6. To assure compliance with the Order, I hereby submit myself to the jurisdiction of the Court, and any other Court having personal jurisdiction over me for the limited purpose of any proceedings related to the performance under, compliance with, or violation of the Order.

7. I understand that I am to retain all of the material that I receive which has been designated under the Order in a manner consistent with the Order, and that all such materials are to remain in my custody until I have completed my testimony or assigned duties in this matter. I further understand that, upon the completion of my testimony or assigned duties in this matter, all materials are to be returned to the counsel or party by whom I have been provided such materials or they are to be destroyed. I also understand that any materials, memoranda, work notes, or other documents derived from documents designated under the Order are to be delivered to counsel or party by whom I have been provided to be destroyed. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order. I

///

further agree to notify any clerical personnel who are required to assist me of the terms of the Order.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed at _____ on this day of _____, 20__.