1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11                      ----oo0oo----

12  GCUBE INSURANCE SERVICES,      NO. CIV. 2:12-1163 WBS CKD
    INC., a California
13  corporation,                   ORDER RE: MOTION TO DISMISS

14          Plaintiff,

15      v.

16  LINDSAY CORPORATION, a
    Delaware corporation, and DOES
17  1 through 10, inclusive,

18          Defendant.
    _____/
19
    LINDSAY CORPORATION,
20
            Third-party
21  Plaintiff,

22      v.

23  AREVA SOLAR, INC.; AUSRA CA I,
    LLC now known as AREVA SOLAR
24  CA I, LLC; SPECIAL SERVICES
    CONTRACTORS, INC.; LLOYD W.
25  AUBRY CO., INC.; MATERIAL
    INTEGRITY SOLUTIONS, INC.; and
26  ZOES 1 through 50, inclusive,

27          Third-party
    Defendants.
28  _____/

                            1

----ooOoo----

1

2      Plaintiff GCube Insurance Services, Inc. brought this

3 action against defendant Lindsay Corporation, Inc. ("Lindsay")

4 arising out of Lindsay's provision of A-frame supports for a

5 Solar Steam Generation array ("SSG array").  On March 1, 2013,

6 Lindsay filed a third-party complaint ("TPC") against Areva

7 Solar, Inc.; Ausra CA I, LLC, now known as Areva Solar CA I, LLC

8 ("Areva Solar CA"); Special Services Contractors, Inc.; Lloyd W.

9 Aubry Co., Inc.; Material Integrity Solutions, Inc.; and Zoes one

10 through fifty.  (Docket No. 21.)  Lindsay brings claims of

11 negligence, equitable indemnity, equitable contribution, and

12 declaratory relief.

13      Third-party defendants Areva Solar, Inc., and Areva

14 Solar CA now move to dismiss the TPC for failure to state a claim

15 upon which relief can be granted pursuant to Federal Rule of

16 Civil Procedure 12(b)(6).  (Docket No. 33.)  On May 13, 2013,

17 Lindsay voluntarily dismissed Areva Solar, Inc.  (Docket No. 37.)

18      To survive a motion to dismiss, a plaintiff must plead

19 "only enough facts to state a claim to relief that is plausible

20 on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

21 (2007).  This "plausibility standard," however, "asks for more

22 than a sheer possibility that a defendant has acted unlawfully,"

23 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a

24 complaint pleads facts that are 'merely consistent with' a

25 defendant's liability, it 'stops short of the line between

26 possibility and plausibility of entitlement to relief.'"  Id.

27 (quoting Twombly, 550 U.S. at 557).  In deciding whether a

28 plaintiff has stated a claim, the court must accept the

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

In plaintiff's Complaint for subrogation, plaintiff alleges that it issued an insurance policy to Ausra, Inc. ("Ausra") on or about March 20, 2009, insuring all construction, erection, and operation activities associated with a SSG array located at Ausra's Kimberlina facility in Bakersfield, California.  (Compl. ¶ 7 (Docket No. 1).)  Plaintiff alleges that Lindsay specially manufactured twenty-five steel A-Frame supports for the array at a plant in Omaha, Nebraska, and then had the supports delivered to the Kimberlina facility.  (Id. ¶¶ 8-10.) On or about May 28, 2010, as the SSG array components were raised atop the A-Frame supports, twenty-four of the supports buckled at the joint that Lindsay allegedly cut, welded, and manufactured. (Id. ¶¶ 15-16.)

Ausra tendered its claim for all losses and damages resulting from the incident to plaintiff.  (Id. ¶ 18.)  Plaintiff alleges that an investigation revealed incomplete fusion of the welds performed by Lindsay at the joints of the A-Frame supports. (Id. ¶¶ 19-20.)  Plaintiff paid for all losses and damages resulting from the incident and now pursues subrogation rights against Lindsay, (id. ¶ 24), asserting claims for strict products liability and negligence.

Areva Solar CA contends that Lindsay has failed to allege sufficient "facts to support a possible scenario under

3

1  which the <u>subrogor</u> Areva [Solar CA] may be liable for Lindsay's

2  alleged liability to the <u>subrogee</u> [plaintiff]" and facts to

3  support its allegation that plaintiff is not the subrogee of

4  Areva Solar CA.  (Mem. in Supp. at 2:10-12 (Docket No. 33).)

5  Although Areva Solar CA does not explicitly argue as much, it

6  must be its contention that Areva Solar CA is the same entity as

7  Ausra or that some other basis exists for finding a subrogation

8  relationship between it and plaintiff.  In contrast, it is

9  Lindsay's contention that Areva Solar CA is a different entity

10  from Ausra.[1]  Lindsay's TPC treats Areva Solar CA as a wholly

11  separate entity from Ausra.  It makes no allegations against

12  Ausra.

13      Areva Solar CA's arguments are not well-taken for the

14  basic reason that there is nothing properly before the court--

15  either allegations or evidence--to suggest that Areva Solar CA is

16  the subrogor of plaintiff and plaintiff is its subrogee.

17  Likewise, there is nothing to suggest that Areva Solar CA is the

18  same entity as Ausra.  As the above summary of plaintiff's

19  allegations shows, plaintiff alleges only that it issued a policy

20  of insurance to Ausra.  (<u>See</u> <u>id.</u> ¶ 7.)  It does not allege that

21  it issued a policy to Areva Solar CA or transferred the Ausra

22  policy Ausra to Areva Solar CA.  Nor does it allege that Ausra

23  and Areva Solar CA are actually the same entity.

24      Nor has Areva Solar CA presented any evidence outside

25  of the Complaint that the court may properly consider on a motion

26  _____

27      [1]    Lindsay alleges that Areva Solar CA was formerly known
    as Ausra CA I, LLC.  (Third-Party Compl. ¶ 7.)  There is no
28  evidence or allegation, however, indicating that Ausra CA I, LLC
    is the same entity as Ausra, Inc.

to dismiss to show a subrogation relationship or to show that it is the same entity as Ausra.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (noting that on a motion to dismiss, the court usually may not consider evidence outside the pleadings without converting the motion into one for summary judgment).

In the absence of any allegations or evidence of a subrogation relationship between Areva Solar CA and plaintiff, Lindsay has alleged sufficient facts to support a "possible scenario under which" Areva Solar CA could be liable to Lindsay for its alleged liability to plaintiff.  (Mem. in Supp. at 5:2-6.)  To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury."  Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (2d Dist. 1998).

In the TPC, Lindsay alleges that Areva Solar CA not only owned and operated the SSG array, but also that it negligently "supervised the construction, installation and erection" of the SSG array and its component parts, including the A-Frame supports.  (Third-Party Compl. ("TPC") ¶¶ 17, 23 (Docket No. 21).)  It further alleges that Areva Solar CA knew or should have known that the inadequately designed components of the SSG array would place stress loads on the A-Frame supports during the erection process that resulted in damage to the SSG array, the A-Frame support towers, and related components.  (Id. ¶ 21.)  Likewise, it alleges that Areva Solar CA knew or should have known that the A-Frame supports were constructed and installed

without adequate guying or cabling, resulting in the damage claimed by plaintiff.  (Id. ¶ 22.)

Lindsay then alleges that Areva Solar CA owed it a duty to "use ordinary and reasonable care to design, inspect, analyze, construct, erect, manage, supervise, operate and/or control" the SSG array and its component parts, including the A-Frame supports, without causing damage to those parts.  (Id. ¶¶ 24, 35.)  It further alleges breach, causation, and damages.  (See id. ¶¶ 25-30, 36.)  Thus, Lindsay has set forth a claim for negligence against Areva Solar CA.[2]  This claim is a plausible means of holding Areva Solar CA liable for Lindsay's alleged liability to plaintiff.

Assuming that Lindsay would need to allege facts to show the absence of a subrogation relationship had plaintiff alleged such a relationship, no such relationship is alleged in the Complaint.  As explained above, the Complaint is bereft of any allegations against Areva Solar CA.  That corporation is actually never mentioned.  Further, there are no allegations or evidence before the court indicating that Areva Solar CA is the same entity as Ausra, such that the subrogation relationship between plaintiff and Ausra alleged in the Complaint would show Areva Solar CA to be in a subrogation relationship with plaintiff as well.

Lindsay alleges in the TPC that Areva Solar CA did not receive any payments from plaintiff for any claimed and disputed

---

[2]   Areva Solar CA did not specifically challenge the sufficiency of Lindsay's allegations for its claims for indemnity, comparative contribution, and declaratory relief.

1  damages incurred by plaintiff, that plaintiff is not the subrogee
2  of Areva Solar CA, and that Areva Solar CA is not the subrogor of
3  plaintiff.  (Id. ¶¶ 31-32).  Areva Solar CA is correct in its
4  contention that the court need not accept as true a complaint's
5  legal conclusions.  See Iqbal, 556 U.S. at 678.  But even if the
6  court does not consider Lindsay's allegations that plaintiff and
7  Areva Solar CA do not have a subrogation relationship, as already
8  explained, Lindsay has properly alleged a claim against Areva
9  Solar CA.  There is no requirement that a third-party plaintiff
10 first establish the absence of a subrogation relationship between
11 the third-party defendants and the plaintiff to bring its third-
12 party claims.

13     Because plaintiff neither alleged that Ausra and Areva
14 Solar CA are one in the same or that it has a subrogation
15 relationship with Areva Solar CA, nor provided the court with any
16 evidence that it may properly consider on a motion to dismiss of
17 either, Lindsay need not aver additional allegations to plead
18 around the abstract possibility that plaintiff is also the
19 subrogee of Areva Solar CA.  Accordingly, Areva Solar CA's motion
20 to dismiss Lindsay's claims against it must be denied.

21     IT IS THEREFORE ORDERED that Areva Solar CA's motion to
22 dismiss the third-party complaint be, and the same hereby, is
23 DENIED.

24 DATED:  June 4, 2013

25

26 _____
   WILLIAM B. SHUBB
27 UNITED STATES DISTRICT JUDGE

28

7