1 BRIAN A. GONSALVES, ESQ., SBN 238317
RESNICK & LOUIS, P.C.
2 9891 Irvine Center Dr., Suite 200
Irvine, CA 92618
3 714.709.4400
4 Attorney for Third Party Defendant
Special Service Contractors, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GCUBE INSURANCE SERVICES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>LINDSAY CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-01163-WBS-CKD<br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER THAT THE SETTLEMENT BETWEEN THIRD PARTY DEFENDANT SPECIAL SERVICE CONTRACTORS, INC., AND THIRD PARTY PLAINTIFF LINDSAY CORPORATION IS A GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §877.6**<br><br>Judge: Hon. William B. Shubb<br>Complaint Filed: 4/30/12<br>Trial Date: 7/15/14 |
| LINDSAY CORPORATION, Third-Party Plaintiff,<br><br>v.<br><br>AREVA SOLAR, INC., AUSRA CA I, LLC now known as AREVA SOLAR CA I, LLC; SPECIAL SERVICES CONTRACTORS, INC; LLOYD W. AUBREY CO., INC.; MATERIAL INTEGRITY SOLUTIONS, INC, and ZOES 1 through 50 Inclusive,<br><br>Third-Party Defendants. | |

Whereas, Defendant / Third Party Plaintiff LINDSAY CORPORATION has agreed to

- 1 -

1  settle its third party claim against SPECIAL SERVICE CONTRACTORS, INC., in exchange for
2  payment by or on behalf of SPECIAL SERVICE CONTRACTORS, INC., to LINDSAY
3  CORPORATION in the total amount of $50,000.
4      By and through its counsel of record, each remaining party in this litigation hereby
5  stipulates that this settlement is a "Good Faith Settlement" as that term is used in California Code
6  of Civil Procedure § 877.6 and that by this settlement all further claims against SPECIAL
7  SERVICE CONTRACTORS, INC., for equitable or comparative contribution, indemnity, partial
8  or comparative indemnity, comparative negligence or comparative fault are barred.  The parties
9  hereby agree this stipulation may be executed in counterparts by way of original, electronic
10 and/or facsimile signatures.

11     IT IS SO STIPULATED.
    DATED: April ___9___, 2014.
12

13                       STOEL RIVES, LLP

14
                By: ___/s/ Jonathan A. Miles___
15                    Jonathan A. Miles, Esq.
                   Attorneys for Plaintiff
16                    GCube Insurance Services, Inc.

17     DATED: April ___2___, 2014.

18
                      SCHAFFER, LAX, MCNAUGHTON & CHEN
19
                By: ___/s/ Jill A. Franklin___
20                    Jill A. Franklin, Esq.
                   Attorneys for Defendant and Third Party
21                    Plaintiff Lindsay Corporation

22
    DATED: April ___8___, 2014.
23

24                       PORTER SCOTT

25                 By: /s/ Timothy M. Blaine
                   Timothy M. Blaine, Esq.
26                    Clayton T. Cook, Esq.
                   Attorneys for Third Party Defendant
27                    Project Assistance Corporation (successor in
                   interest to Material Integrity Solutions)
28

DATED: April 9, 2014.

                              RESNICK & LOUIS, P.C.

                              By  /s/ Brian A. Gonsalves

                              BRIAN A. GONSALVES, ESQ.
                              Attorneys for Third Party Defendant
                              Special Service Contractors, Inc.

## **ORDER**

All Parties having stipulated for an order determining the good faith of the settlement between Third Party Plaintiff Lindsay Corporation and Third Party Defendant Special Service Contractors, Inc., pursuant to California Code of Civil Procedure § 877.6, the court finds and orders as follows:

There appearing to the satisfaction of the court that the settlement between Third Party Plaintiff Lindsay Corporation on one hand, and Third Party Defendant Special Service Contractors, Inc., on the other hand, is a good faith settlement within the meaning and effect of California Code of Civil Procedure § 877.6.  Accordingly, all further claims against Special Service Contractors, Inc., for equitable or comparative contribution, indemnity, partial or comparative indemnity, comparative negligence or comparative fault are barred.

Dated:  April 10, 2014

                                                    WILLIAM B. SHUBB
                                                    UNITED STATES DISTRICT JUDGE